IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Michael Hilton, ) | |
| ) | C/A No. 1:12-1540-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden M. McCall, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On June 7, 2012, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.[2] On February 14, 2013, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report") recommending that the Petition be dismissed without prejudice. (ECF No. 22). The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Report at 22). Petitioner filed objections to the Magistrate Judge's Report on February 28, 2013. ECF No. 24). For reasons stated below, the court declines to adopt the Report, and recommits the matter for further consideration by the Magistrate Judge.

---

[1]This date reflects the date stamped by the prison mailroom on the envelope containing the habeas petition. (ECF No. 1-5). *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2]The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her Report, the Magistrate Judge set forth the procedural and background facts. The Magistrate Judge noted that Petitioner's filing of a second application fo PCR did not toll the statute of limitations. (Report at 17). The Magistrate Judge concluded that Petitioner's claims are barred by the statute of limitations and recommended that the Petition be dismissed with prejudice. In his objections, Petitioner objects to the recommendation that his claims are barred by the statute of limitations. (Objections at 3). He contends that he has diligently pursued his rights, and his attorney, who was publically reprimanded in part for his mishandling of Petitioner's case, caused the delays. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"), provides that § 2254 habeas petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, in *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010), the Supreme Court held that this period may be equitably tolled "only if [the

petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2560–62. The doctrine of equitable tolling has generally been applied in two distinct situations. Equitable tolling has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), or where the petitioner was prevented from asserting his claims due to circumstances beyond his control or "external to the party's own conduct." *Id*.

The Supreme Court has made it clear that mere attorney negligence in failing to file a timely petition is not sufficient in-and-of itself to equitably toll the statute of limitations imposed under the AEDPA. *Holland v. Florida,* 130 S.Ct. 2549 (2010) (holding more than "a garden variety claim of excusable neglect" is necessary). However, "the requirement might be met by a showing of an extraordinary failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments of their cases, or to never abandon a client." *Id. See also Goedeke v. McBride*, 437 F.Supp.2d 590 (S.D.W.Va. 2006)(finding statute of limitations equitably tolled during time period that petitioner was represented by counsel in state habeas proceeding because counsel made repeated false assurances that led petitioner to believe that counsel would complete his petition and petitioner had no reason to disbelieve counsel's assurances).

It appears that the instant case does not involve a "garden variety claim" of attorney negligence. Rather, it appears that this case presents a far more serious

instance of attorney misconduct for which Petitioner's counsel was, in part, publically reprimanded. Further, it appears Petitioner had been diligent about bringing his claims. As noted above, Petitioner filed a second application for PCR in an attempt to remedy his counsel's prior mishandling of his first PCR appeal. And he was granted a belated PCR appeal, which concluded on May 21, 2012, when the South Carolina Supreme Court denied Petitioner a rehearing and sent down the remittitur. Petitioner then filed this federal habeas petition 17 days later, on June 7, 2012. Accordingly, the court finds equitable tolling is appropriate in this case.

Based on the foregoing and, after a thorough review of the Report and the record in this case, the court declines to adopt the Report. This matter is recommitted to the Magistrate Judge for further consideration.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 16, 2013

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.