IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Michael Hilton, ) | |
| ) | C/A No. 1:12-1540-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden M. McCall, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1] On July 2, 2013, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation recommending Respondent's Summary Judgment Motion (ECF No. 17) be granted and the petition be dismissed with prejudice.[2] The magistrate judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 30. Petitioner filed objections to the Report on July 18, 2013. (ECF No. 33).

The court is obligated to conduct a de novo review of every portion of the Magistrate

---

[1] The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] On February 14, 2013, Magistrate Judge Hodges issued a Report and Recommendation recommending that the Petition be dismissed without prejudice as untimely. (ECF No. 22). On April 14, 2013, the court declined to adopt the Report finding equitably tolling should be applied, and recommitted the matter for further consideration by the Magistrate Judge. (ECF No. 26). To the extent, Petitioner contends that the magistrate judge improperly addressed whether his claims were procedurally barred (Objections at 5), this objection is without merit. In its previous order, the court recommitted the matter solely on its determination that equitable tolling should be applied and the action was not time barred. The court did not address whether Petitioner's claims were procedurally barred.

Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Upon review, the court finds that most of Petitioner's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. First, Petitioner contends the magistrate judge erred when she found Petitioner's claims raised in Grounds Two and Three were procedurally barred because Petitioner did not pursue these claims by filing a Rule 59(e) motion to alter to amend the PCR court's order of dismissal. (ECF No. 33 at 2). Second, Petitioner contends that the magistrate judge failed to correctly apply the holding of *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272 (2012). *Id.* at 4.

In regard to Petitioner's first objection, in her report, the magistrate judge noted that Petitioner did not file a Rule 59(e) motion, and therefore these claims were unavailable for further collateral review. (ECF No. 30 at 16).[3] However, even assuming Petitioner filed a Rule 59(e)

---

[3]Petitioner also argues that the magistrate judge improperly applied the decision in *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007), which requires a PCR applicant to file a Rule 59(e) motion to preserve issues for appeal. (ECF No. 33 at 3). Petitioner contends the magistrate judge improperly applied *Marlar* retroactively. *Id*. In *Bostick v. Stevenson*, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit Court of Appeals held that prior to the *Marlar* decision, the South Carolina courts had not strictly enforced Rule 59(e) as a procedural bar. First, Petitioner filed his PCR application on November 8, 2007, after the *Marlar* decision. While Petitioner's PCR application was signed and mailed earlier than that date, Petitioner is not entitled to the benefit of the mailbox rule espoused in *Houston v. Lack*, 487 U.S. 266, (1988), as there is no such rule for state filings in South Carolina. See *Bryson v. Harkleroad,* 2010 U.S. Dist. Lexis 32376, * 9 (W.D.N.C. April 1, 2010) ("There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court."); *Doak v. Quarterman*, 271 Fed. App'x. 466, 467 (5th Cir.2008) (declining to extend the prison "mail box rule" to state

motion, these issues were not properly raised in a PCR application. To preserve such freestanding claims, Petitioner would have had to assert them at the trial level and pursue them on direct appeal. *See Drayton v. Evatt,* 430 S.E.2d 517, 520 (S.C. 1993) (holding "[i]ssues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel").

In regard to Petitioner's second objection, the magistrate judge noted that the claims raised in "Grounds Two and Three are free-standing claims of a *Brady* violation and prosecutorial misconduct, and not ineffective assistance of counsel, therefore *Martinez* is not available to establish cause." (ECF No. at 16). Petitioner contends that his PCR counsel abandoned him and his PCR appeal and the magistrate judge failed to properly apply the holding in the *Martinez* case. (ECF No. 33 at 3-4).

In *Martinez*, the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's default of ineffective assistance at trial." 132 S.Ct. at 1315. This holding was specifically limited to "initial-review collateral proceedings," not appellate PCR proceedings. *Id.* at 1317. Moreover, as noted above and by the magistrate judge, the claims raised in Grounds Two and Three are freestanding claims and not alleged in the context of claims of ineffective assistance of counsel. Therefore, the court agrees with the magistrate judge that the Petitioner's claims are procedurally defaulted and that *Martinez* does not apply here. Therefore, the Petitioner's objections are overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Respondent's Summary

---

post-conviction filings). Second, and more importantly, the PCR court did not file its decision in Petitioner's case until November 12, 2008, well after the *Marlar* decision. (ECF No. 16-1 at 33). Accordingly, the *Marlar* decision was applicable to Petitioner's PCR action, and failure to file a Rule 59(e) motion was a procedural bar to raising claims on appeal.

Judgment Motion (ECF No. 17) is **GRANTED** and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                            s/Timothy M. Cain
                                                            United States District Judge

Anderson, South Carolina
August 5, 2013

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.